Kevin Tate
1435 Orchid Dr.
San Bernardino, CA 92404
(909) 379-5036

In Pro

FILED
2024 APR 17 PM 1:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

FEE PAID

IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

KEVIN TATE,

    Plaintiff,

vs.

ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1 TO 10,

    Defendants.

Case No. ED CV 24-00814-SPG(JC)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

## EXECUTIVE SUMMARY

The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear arms." Plaintiff KEVIN TATE submitted an application for a Concealed Carry Weapon ("CCW") license on March 28. 2023. The reason for the application was bases on Plaintiff being an avid hunter and for his own safety. Plaintiff is truck driver that requires him to do pre trips into areas that are not known for providing for personal safety. He makes delivers for southern for his business and believes needs protection. In his application, Plaintiff disclosed that over thirty years ago he had misdemeanor conviction over three decades.. With the passage of thirty years, he has no issues with the laws since then. Despite the passage of time

-1-

from his conviction, his application for a CCW license was denied, with the stated reason: "The requirement of good moral character was not satisfied due to past criminal history." " Good moral character appears to be a substitute for "Proper cause," which our Highest Court held was an unconstitutional hurdle to acquiring a CCW, see *New York Sate Rifle & Pistol Association, Inc. V. Buren,* 142 S. Ct. 2111, 2126, 213 L. Ed.2d 387 (2022).

Plaintiff challenges the genial of his license as the application of California Penal Code (CPC) §26150, violates his civil rights. Interjecting conviction which occurred over 39 years earlier, as a bar based on lack of good moral character, violates the Fourteenth Amendment by preventing Plaintiff from exercising his Second Amendment right to keep and bear arms in public for self-defense.

## JURISDICTION AND VENUE

1. This civil action arises under 42 U.S.C. §1983, and under the Second and Fourteenth Amendments of the United States of the United States Constitution. Plaintiff challenges the constitutionality and selective enforcement of *California Penal Code (CPC) §26150.*

2. This Court has subject mater jurisdiction pursuant to U.S. Constitution Article III, Section 2.

3. This Court has personal jurisdiction over Defendant, because ROB BONTA, in his official capacity as Attorney General of t he State of California, is the head enforcement officer in California and has jurisdiction over the San Bernardino County Sheriff's Department, Carry a Concealed Weapon (CCW) Licensing Unit, which denied Plaintiff's CCW application.

4. Venue properly lies within the U.S. Central District of California Pursuant to 28 U.S.C. §§ 1391(b), ( c), and (d) because Defendants are subject to personal jurisdiction in this Judicial District as set forth above, and Plaintiff has been harmed by Defendant's conduct as described below, in this Judicial District.

## PARTIES

5. Plaintiff is and at all times was a resident or San Bernardino County, California.

6. Defendant ROB BONTA, in his official capacity as Attorney General of the State California, has his offices at 300 S. Spring St. #1700, Los Angeles, California 90013.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff will amend this complaint to show such true names and capacities when he has ascertained the same.

8. At all times herein mentioned each of the Defendants was the agent and/or employee of each of the remaining Defendants, and was at all times herein mentioned acting within the course and scope of such agency and employment, and/or ratified the actions or omissions of each of the other Defendants. Plaintiff is further informed and believes, and thereon alleges, that each of the said Defendants is in some way responsible for the obligations hereinafter alleged.

## FACTUAL BACKGROUND

9. Plaintiff is a 56 year-old U.S. citizen. He is hard working truck driver for the past years. He is a home owner and loves to keep his property well groomed to him that is a wonderful hobby working in his yard and his home. Plaintiff is also a Black male and has notice an increase in black crimes that has made him concern for his safety when in unsecured areas while making his deliveries. The DOJ has approval approved the Plaintiff for several guns for home use.

11. At the time his application was submitted *California Penal Code (CPC ) §26150* governed applications fort CCW licenses. It stated in pertinent part:

    (a)    When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed Upon the person, the sheriff of a county may issue a license to that person upon proof of the following:

    (1)    The applicant is of good moral character.

|   |   |   |
|---|---|---|
| (2) | Good cause exists for issuance of the license. |
| (3) | The applicant is a resident of the county or a city within the county, or the applicant's principal of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment Or business. |
| (4) | The applicant has completed a course of training as Described in Section 26165. |

14. Early January 2024, the San Bernardino County Sheriff's Department CCW Licensing Unit sent Plaintiff a letter that his permit application was denied, with the stated reason: "The requirement of good moral character was not satisfied due to past criminal history."

15. Plaintiff served Government Claims Act notice on Attorney General.

## COUNT ONE

## 42 U.S. C. §1983 ACTION FOR DEPRIVATION OF PLAINTIFF'S RIGHTS UNDER THE U.S. CONSTITUTION AMENDMENTS II AND XIV

**(Against All Defendants)**

16. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a law-abiding, responsible member of society and is included in the "the people " protected by the Second Amendment.

18. Defendant, under the color of *California Penal Code* §26150(a)(1), deprived Plaintiff of his rights under the Second and Fourteenth Amendments to the U.S. Constitution. Plaintiff's claim arises under 42 U.S.C. §1983. Plaintiff's criminal conviction of over 30 years ago was not a felonies and did not involve moral turpitude so as to violate the requirement of good moral character. To say that he could not reform, is to imply that one of the main purposes

of the prison system in the State of California, rehabilitation, does not work. Defendants's interpretation of the Penal Code, unduly burdens conduct protected by the Second Amendment.

19. In the Supreme Court's decision June 24, 2022 *New York State Rifle & Pistol Association v. Bruen*. The Supreme Court's decision, which ruled that New York's "proper-cause requirement violates the Second and Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." Good moral character cannot not be used to deny an application.

20. To infringing the right to bear arms in public, Defendant violated the Second Amendment, which applies to Defendant by operation of the Fourteenth Amendment, both facially and as applied to Plaintiff. Any penal code which imposes a good moral character clause or hurdle to obtaining a CCW is invalid.

Wherefore, Plaintiff prays for:

1. For a judicial determination that *California Penal Code* §26150(a)(1) is unconstitutional;.

2. For temporary and permanent injunction granting Plaintiff's CCW license or precluding Defendant from relying on the good moral character clause of the Penal Code;

3. For costs; and

4. For such further relief as may be proper.

Respectfully submitted

Date: 3-21-24        By: _____
                          Kevin Tate (Plaintiff)