1  ROB BONTA
   Attorney General of California
2  JOHN D. ECHEVERRIA
   Supervising Deputy Attorney General
3  MICHAEL S. COHEN
   Deputy Attorney General
4  State Bar No. 339846
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone: (916) 210-6090
    Fax: (916) 324-8835
7   E-mail: Michael.Cohen@doj.ca.gov
   *Attorneys for Defendant California Attorney*
8  *General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| **KEVIN TATE,** | Case No. 5:24-cv-00814-SPG-JC |
| Plaintiff, | |
| v. | **DEFENDANT CALIFORNIA ATTORNEY GENERAL ROB BONTA'S NOTICE OF MOTION; MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| **ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,** | |
| Defendants. | Date: July 2, 2024<br>Time: 9:30 a.m.<br>Courtroom: 750<br>Judge: Hon. Jacqueline Chooljian<br>Trial Date: None<br>Action Filed: April 17, 2024 |

**TABLE OF CONTENTS**

**Page**

Notice of Motion and Motion ................................................................................................ 1
Memorandum of Points and Authorities ............................................................................... 2
Introduction ........................................................................................................................... 2
Background ............................................................................................................................ 2
    I.    Legal Background ...................................................................................... 2
    II.   Factual Background .................................................................................. 3
Legal Standard ...................................................................................................................... 4
Argument ............................................................................................................................... 4
    I.    Plaintiff's Claim is Moot ........................................................................... 4
    II.   Defendant Does not Oppose Leave to Amend the Complaint ................. 5
Conclusion ............................................................................................................................. 6

Def. Cal. Attorney General Rob Bonta's Not. of Mot.; Mot. to Dismiss; Mem. of P. & A. (5:24-cv-00814-SPG-JC)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*
  941 F.3d 1195 (9th Cir. 2019) ............................................................................ 5

*Chandler v. State Farm Mut. Auto Ins. Co.*
  598 F.3d 1115 (9th Cir. 2010) ............................................................................ 4

*Chapman v. Pier 1 Imports (U.S.), Inc.*
  631 F.3d 939 (9th Cir. 2011) .............................................................................. 4

*Fayer v. Vaughn*
  649 F.3d 1061 (9th Cir. 2011) ............................................................................ 4

*Foster v. Carson*
  347 F.3d 742 (9th Cir. 2003) .......................................................................... 4, 5

*Jane Doe v. Bonta,*
  No. 8:23-cv-01324, ECF No. 39 (C.D. Cal. Dec. 28, 2023) .............................. 5

*Koppel v. Bonta*
  No. 8:23-cv-00813, 2023 WL 8457243 (C.D. Cal. Nov. 16, 2023) ................... 5

*N.Y. State Rifle & Pistol Ass'n v. City of New York*
  140 S. Ct. 1525 (2020) ....................................................................................... 5

*Qwest Corp. v. City of Surprise*
  434 F.3d 1176 (9th Cir. 2006) ............................................................................ 5

*Ruvalcaba v. City of L.A.*
  167 F.3d 514 (9th Cir. 1999) .............................................................................. 5

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*
  454 U.S. 464 (1982) ........................................................................................... 4

**TABLE OF AUTHORITIES**
(continued)

Page

**STATUTES**

Penal Code
   § 16400 ................................................................................................................... 3
   § 25400 ................................................................................................................... 2
   § 25600-25655 ....................................................................................................... 2
   § 26000-26060 ....................................................................................................... 2
   § 26150 ............................................................................................................ 2, 3, 5
   § 26150(a) ........................................................................................................... 2, 3
   § 26150(a)(1) .................................................................................................... 1, 2, 4
   § 26155 ............................................................................................................... 2, 3
   § 26165 ............................................................................................................... 2, 3
   § 26185 ................................................................................................................... 2
   § 26185(a) .............................................................................................................. 3
   § 26190 ................................................................................................................... 3
   § 26202 ................................................................................................................... 3
   § 26202(a)(1) ......................................................................................................... 3
   § 26202(a)(1)-(10) ................................................................................................. 3
   § 26202(a)(2) ......................................................................................................... 3
   § 26202(a)(3) ......................................................................................................... 3
   § 26202(a)(4) ......................................................................................................... 3
   § 26202(a)(5) ......................................................................................................... 3

Unites States Code, Title 42
   § 1983 ..................................................................................................................... 4

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   Second Amendment ........................................................................................... 4, 5
   Fourteenth Amendment .......................................................................................... 4
   Article III ................................................................................................................ 4

**COURT RULES**

Central District of California Local Rule
   § 7-3 ....................................................................................................................... 1

Federal Rule of Civil Procedure
   § 12(b)(1) ........................................................................................................... 1, 4

**OTHER AUTHORITIES**

Senate Bill 2 (Stats. 2023, ch. 249) ............................................................................ 1,2

iii

Defendant State of California's Notice of Motion; Motion to Dismiss; Memorandum of Points and Authorities
Case No. 5:24-cv-00983-EJD

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on July 2, 2024, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Jacqueline Chooljian in Courtroom 750 of the Roybal Federal Building and United States Courthouse, located at 255 E. Temple St., Los Angeles, CA 90012, the Court will hear Defendant California Attorney General Rob Bonta's Motion to Dismiss the Complaint for Declaratory and Injunctive Relief (ECF No. 1).

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks subject-matter jurisdiction due to mootness. The Complaint solely challenges California Penal Code section 26150(a)(1) on the basis that it requires an applicant for a license to carry a concealed weapon to show proof of "good moral character." However, the "good moral character" requirement was only in effect until December 31, 2023. Senate Bill 2 (Stats. 2023, ch. 249) became effective on January 1, 2024, and removed the challenged condition, thus mooting the only controversy alleged in the Complaint.

This motion is based on this filing, the concurrently filed memorandum of points and authorities, the papers and pleadings on file in this action, and such matters as may be presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 1 and May 3, 2024.

Dated: May 21, 2024            Respectfully submitted,

ROB BONTA
Attorney General of California
JOHN D. ECHEVERRIA
Supervising Deputy Attorney General


*/s/ Michael S. Cohen*

MICHAEL S. COHEN
Deputy Attorney General
*Attorneys for Defendant California Attorney General Rob Bonta*

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Kevin Tate ("Plaintiff") was allegedly denied a concealed carry weapon ("CCW") license based on a "good moral character" requirement in former Penal Code section 26150(a)(1). He seeks to enjoin that requirement. But the Legislature already removed that requirement with Senate Bill 2 (Stats. 2023, ch. 249) ("SB 2"), effective January 1, 2024. Since SB 2 already provided Plaintiff with the entirety of the relief he seeks in this action, the Complaint no longer presents a justiciable case or controversy, and the Court should dismiss this action.

## BACKGROUND

### I. LEGAL BACKGROUND

With some exceptions, California generally requires an individual to obtain a CCW license to carry a firearm in public. Cal. Penal Code §§ 26150, 26155, 25400 (criminalizing carrying a concealed firearm in public absent a license); *see, e.g.*, §§ 25600–25655, 26000–26060 (listing exceptions, including circumstances of self-defense, lawful citizen's arrest, and others).[1] While the California Department of Justice assists local law enforcement agencies in evaluating CCW applicant eligibility, it is local law enforcement agencies that receive CCW license applications, conduct most applicant evaluation, and issue licenses. *See* §§ 26150, 26155.[2] Until December 31, 2023, Penal Code section 26150 stated, in relevant part:

> [T]he sheriff of a county may issue a [CCW] license to [a] person upon proof of all of the following:
> (1) *The applicant is of good moral character.*
> (2) Good cause exists for issuance of the license.
> (3) The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business.
> (4) The applicant has completed a course of training as described in Section 26165.

§ 26150(a) (emphasis added), *amended by* Stats. 2023, ch. 249 (SB 2), § 10, eff. Jan. 1, 2024; *see also* § 26155 (same requirements for CCW applications to municipal police departments).

---

[1] All further statutory references are to the Penal Code unless otherwise referenced.

[2] Specifically, the Department of Justice determines whether the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. *See* § 26185.

SB 2, which became effective on January 1, 2024, substantially revised the statutory requirements for CCW licenses.  *See* Stats. 2023, ch. 249 (SB 2), § 10, eff. Jan. 1, 2024.  As relevant here, SB 2 removed the "good moral character" requirement.  *Id*. §§ 10, 11.  Penal Code section 26150 now states, in relevant part:

> [T]he sheriff of a county shall issue or renew a [CCW] license to [a] person upon proof of all of the following:
> (1) *The applicant is not a disqualified person to receive such a license, as determined in accordance with the standards set forth in Section 26202.*
> (2) The applicant is at least 21 years of age, and presents clear evidence of the person's identity and age, as defined in Section 16400.
> (3) The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county . . . .
> (4) The applicant has completed a course of training as described in Section 26165.
> (5) The applicant is the recorded owner, with the Department of Justice, of the pistol, revolver, or other firearm for which the license will be issued.

§ 26150(a) (emphasis added); *see also* § 26155 (same criteria, governing applications to municipal police departments).[3]  SB 2 also amended section 26202 to set forth criteria for determining whether a person is disqualified from receiving or renewing a CCW license.  § 26202(a)(1)-(10).  Those criteria include whether an applicant has been subject to certain types of court orders (§ 26202(a)(3)); been convicted of certain types of offenses (§ 26202(a)(2), (a)(4)); unlawfully or recklessly used or brandished a firearm (§ 26202(a)(5)); and, based on application materials, an investigation conforming to statutory requirements, or a psychological assessment, whether an applicant "[i]s reasonably likely to be a danger to self, others, or the community at large" (§ 26202(a)(1)).  Finally, SB 2 added an appeal process that allows an applicant to contest a decision denying a CCW license at a court hearing.  § 26206.

## II. FACTUAL BACKGROUND

The following factual background is drawn from the Complaint's allegations.  In recounting these allegations, Defendant does not admit their veracity or accuracy.[4]

---

[3] The Penal Code also includes other requirements, such as fingerprinting (§ 26185(a)) and authority for licensing officials to order psychological testing (§ 26190).

[4] Some of the Complaint's allegations are inconsistent with factual developments in this case, discussed *infra*, § II.

Plaintiff alleges that he was convicted of a misdemeanor "over thirty years ago." Compl. at 1. Plaintiff submitted an application for a CCW license to the San Bernardino County Sherriff's Department on March 28, 2023. *Id.* In "[e]arly January 2024," the Sherriff's Department denied Plaintiff's application because "[t]he requirement of good moral character was not satisfied due to past criminal history." *Id.* ¶ 14. Plaintiff does not allege that he submitted another application after SB 2 became effective.

Plaintiff filed his Complaint on April 17, 2024 and served Defendant on April 30. The Complaint contains a single cause of action under 42 U.S.C. § 1983 and the Second and Fourteenth Amendments. The sole allegation is that the "good moral character clause" infringes on Plaintiff's purported right to "bear arms in public." *Id.* ¶ 20. Plaintiff seeks declaratory and injunctive relief invalidating former Penal Code section 26150(a)(1) and either granting Plaintiff a CCW license or "precluding Defendant from relying on the good moral character clause of the Penal Code." *Id.* at 5.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a complaint on the basis that there is no subject-matter jurisdiction. While courts must accept the allegations in the complaint as true, they do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quotations and citations omitted). The burden of proof is on the party asserting jurisdiction. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). A court must dismiss an action over which it does not have jurisdiction. *See, e.g., Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 955 (9th Cir. 2011). A court lacks subject-matter jurisdiction when a claim is moot. *See Foster v. Carson,* 347 F.3d 742, 745 (9th Cir. 2003).

## ARGUMENT

### I.   PLAINTIFF'S CLAIM IS MOOT

Article III of the United States Constitution confines the jurisdiction of federal courts "to the resolution of cases and controversies." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 471 (1982) (quotations omitted). "If there is no

longer a possibility that [a party] can obtain relief for his claim, the claim is moot and must be dismissed for lack of jurisdiction." *Foster*, 347 F.3d at 745 (9th Cir. 2003) (quoting *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999)) (quotations omitted). A case is therefore moot when "a new law is enacted . . . and resolves the parties' dispute." *Qwest Corp. v. City of Surprise*, 434 F.3d 1176, 1181 (9th Cir. 2006); *see also Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) ("[T]he repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal.").

Plaintiff's claim is moot because the only statutory provision he challenges—section 26150's "good moral character" requirement—no longer exists. *See* Compl. at 5. Due to SB 2, as of January 1, 2024, section 26150 no longer requires proof of "good moral character" to obtain a CCW license.[5] The Court is therefore unable to provide Plaintiff the relief he seeks and must dismiss this case for lack of subject-matter jurisdiction. *See, e.g.*, *N.Y. State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (holding that legislative amendments to firearm licensing statute enacted after commencement of litigation rendered moot a Second Amendment challenge to the original law). Recent district court decisions concerning similar claims are in accord. *See Koppel v. Bonta*, No. 8:23-cv-00813, 2023 WL 8457243, at *4 (C.D. Cal. Nov. 16, 2023) (recommending denial of motion for preliminary injunction because SB 2 mooted challenges to CCW licensing regime, including good moral character requirement), *report and recommendation adopted*, 2023 WL 8455019 (C.D. Cal. Dec. 6, 2023); *Jane Doe v. Bonta*, No. 8:23-cv-01324, ECF No. 39 (C.D. Cal. Dec. 28, 2023) (holding challenge to good moral character requirement moot based on SB 2 and dismissing complaint).

## II. DEFENDANT DOES NOT OPPOSE LEAVE TO AMEND THE COMPLAINT

Defendant wishes to apprise the Court of factual developments in this case that may warrant granting leave to amend the Complaint. Defendant has determined that Plaintiff's CCW license application was not denied due to the now-eliminated "good moral character" requirement, but

---

[5] SB 2 requires applicants to show that they are not a disqualified person, but Plaintiff has not challenged any statutory requirements as amended by SB 2.

1 | for another reason.  The parties are continuing to confer about this issue.

## CONCLUSION

Because California law no longer contains the statutory requirement that Plaintiff challenges, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss.

Dated:  May 21, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
JOHN D. ECHEVERRIA
Supervising Deputy Attorney General

*/s/ Michael S. Cohen*

MICHAEL S. COHEN
Deputy Attorney General
*Attorneys for Defendant California Attorney General Rob Bonta*

# CERTIFICATE OF SERVICE

Case Name:  **Tate, Kevin v. California Attorney General Rob Bonta**

Case No.  **5:24-cv-00814-SPG-JC**

I hereby certify that on <u>May 21, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **Defendant California Attorney General Rob Bonta's Notice of Motion; Motion to Dismiss; Memorandum of Points and Authorities**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 21, 2024</u>, at Los Angeles, California.

| L. Zamora | *L. Zamora* |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>May 21, 2024</u>, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Kevin Tate
1432 Orchid Dr.
San Bernardino, CA 92404
*Plaintiff*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 21, 2024</u>, at Los Angeles, California.

| N. Lewis | *N. Lewis* |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

SA2024301818 /66801570